IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| VINCE HARRIS, as personal representative of the Estate of William Harris III,<br><br>Plaintiff and Counter-Defendant,<br><br>vs.<br><br>JAY HUBBER, and ALIBI BAIL BONDS, LLC,<br><br>Defendants, Third-Party Plaintiffs and Counter-Plaintiffs,<br><br>NICHOLAS JAEGER CRUM AND FORSTER INDEMNITY COMPANY, AND JOHN DOES 1-5,<br><br>Defendants,<br><br>CITY AND COUNTY OF BUTTE SILVER BOW,<br><br>Defendant and Third-Party Defendant. | CV 24-87-BU-JTJ<br><br>ORDER |

Plaintiff Vince Harris (Harris) is Personal Representative of the Estate of William Harris III. (Doc. 1). Harris has filed a Motion for Entry of Default against Defendant Nicholas Jaeger (Jaeger). (Doc. 24). Defendants City and County of Butte Silver Bow (BSB) and Crum and Forster Indemnity Company (Crum and Forster) oppose the motion. (Docs. 28 and 29).

Jaeger was served with the Complaint at the Montana State Prison on January 22, 2024. (Doc. 26-1). In response, Jaeger has not filed an Answer or otherwise defended action.

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, *the clerk must enter the party's default*. Fed. R. Civ. P. 55(a) (emphasis added). Rule 55(a) is not discretionary and requires the clerk to enter default against Jaeger. The Court notes that the entry of default against Jaeger does not in itself warrant the entry of a default judgment against him. Should Harris move for the entry of a default judgment against Jaeger, BSB and Crum and Forster may oppose such a motion at that time.

Accordingly, IT IS HEREBY ORDERED:

1. Harris' "Motion for Entry of Default Against Defendant Nicholas Jaeger" (Doc. 24) is GRANTED; and

2. The Clerk is directed to enter Defendant Nicholas Jaeger's default.

DATED this 20th day of February 2025

John Johnston
United States Magistrate Judge